Filed 8/23/21  P. v. Fix CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Mono)

----

| | |
|---|---|
| THE PEOPLE, | C092615 |
| Plaintiff and Respondent, | (Super. Ct. No. MFE19000946) |
| v. | |
| WILLIAM EVERETTE FIX, | |
| Defendant and Appellant. | |

A jury found defendant William Everette Fix guilty of vandalism.  Defendant contends the trial court erred in denying his motion to suppress evidence because he was arrested in his home without a warrant.  Defendant asserts pictures of his clothing, particularly his jacket, should have been suppressed.  We conclude defendant forfeited the suppression issue by failing to raise it in the trial court.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Early one evening, bus driver Stefani Starnater finished her bus route.  Defendant tried to board the bus.  Starnater told defendant he would have to wait for the night trolley.  Defendant became angry and Starnater closed the bus door.  Starnater saw defendant throw a bag, which hit and broke the bus window.

1

Starnater was acquainted with defendant. She identified defendant, by name and through a photo of defendant, as the person who broke the bus window.

Subsequently, Mammoth Lakes Officer Richard Marchant spoke with defendant at his home. Without a warrant, Officer Marchant arrested defendant.

Defendant filed a motion to suppress under Penal Code[1] section 1538.5, in which he sought to quash his arrest and suppress "all evidence, specifically statements made by him, [and] observations made by the officer after the illegal detention."

At the hearing on the motion, the trial judge viewed footage from Officer Marchant's body camera. The recording shows defendant standing in the doorway of his partially open wooden French doors while talking to Officer Marchant. Defendant occupied the space between the closed door and the open door. When defendant tried the close his door, the officer told defendant he was under arrest. The officer used his arm to stop the door from closing, grabbed defendant's arm, guided him out of the home, and arrested him.

The trial court denied the motion, concluding defendant was voluntarily exposed in the threshold of his doorway and the arrest began when the officer was outside the house. The trial court found pursuant to *United States v. Vaneaton* (9th Cir. 1995) 49 F.3d 1423 and *United States v. Santana* (1976) 427 U.S. 38 [49 L.Ed.2d 300], the arrest did not violate the United States Constitution.

DISCUSSION

The constitutional protection against violation of the right of the people to be secure in their persons and houses against unreasonable seizures applies to arrests within the home. (U.S. Const., 4th Amend.; Cal. Const., art. I, § 13; *People v. Ramey* (1976) 16 Cal.3d 263, 275-276.) "[T]he lack of an arrest warrant does not invalidate defendant's

---

[1] Undesignated statutory references are to the Penal Code.

arrest . . . . It would require suppression solely of evidence obtained from searching the home at the time of the arrest." (*People v. Marquez* (1992) 1 Cal.4th 553, 569.) A defendant may test the unreasonableness of a search or seizure through the procedures provided in section 1538.5.

A defendant's suppression motion must be made in writing and must specifically list the items of property or evidence sought to be suppressed. (§ 1538.5, subd. (a)(2).) In defendant's written motion, he specifically sought the suppression of "statements made by him, observations made by the officer after the illegal detention." At the hearing on the motion, defendant requested suppression of "anything that happens" after the arrest. On appeal, defendant contends evidence of his clothing, particularly his jacket, should have been suppressed. The issue of suppression of evidence of the jacket was never raised in the trial court. As a result, it was forfeited. (§ 1538.5, subd. (m); see also *People v. Williams* (1999) 20 Cal.4th 119, 136; *People v. Davis* (2008) 168 Cal.App.4th 617, 629.) Accordingly, we need not determine whether the trial court's suppression ruling was in error.

DISPOSITION

The judgment is affirmed.

/s/_____<br>Robie, J.

We concur:


/s/_____
Blease, Acting P. J.


/s/_____
Renner, J.

3